IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD EUGENE NUNLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-72 |
| | § | |
| NANCY A BERRYHILL, | § | |
| ACTING COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION ON ATTORNEY'S FEES**

Pending before the court[1] is Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 23). The court has considered the motion, all other relevant filings, and the applicable law. For the reasons set forth below, it is **RECOMMENDED** that Plaintiff's motion be **GRANTED.**

On March 1, 2018, the court reversed the Social Security Commissioner's decision and remanded the action to the Commissioner for further proceedings consistent with the Memorandum and Recommendation and the Order Adopting Memorandum and Recommendation.[2] On May 30, 2018, Plaintiff filed the current motion for attorney fees under the Equal Access to Justice Act

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 5, Ord. Dated Jan. 24, 2017.

[2] See Doc. 21, Mem. & Rec. Dated Feb. 14, 2018; Doc. 22, Ord. Adopting Mem. & Rec. Dated Mar. 1, 2018.

("EAJA"), 28 U.S.C. § 2412.[3]  Attorney's fees may be awarded under the EAJA to a party who has prevailed in an action, provided that the application for fees was submitted in timely fashion and no special circumstances make such an award unjust.  United States v. Truesdale, 211 F.3d 898, 908 (5th Cir. 2000).  It is undisputed that Plaintiff is a prevailing party, as the court found that the ALJ's reliance on SkillTRAN was not supported by substantial evidence.

Defendant filed no response to this motion, and therefore does not challenge that the requested $185 hourly rate and the hours expended, 42.2, are reasonable.  The court concludes that the requested fees, $7,807.00 to be reasonable.

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's motion for fees is **GRANTED** in the amount of $7,807.

Payment of fees should be made payable to Plaintiff and his attorney Karl Osterout, and mailed to his attorney, Karl Osterhout, 521 Cedar Way, Suite 200, Oakmont, PA, 15139.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

---

[3]   See Doc. 23, Pl.'s Mot. for Atty's Fees.

The original of any written objections shall be filed with the United States District Clerk electronically or by mail. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 29th day of November, 2018.

_____
U.S. MAGISTRATE JUDGE